SUSAN J. QUINNAM *vs.* ANN QUINNAM.

Androscoggin.    Opinion May 13, 1880.

*Evidence.    Declaration of debtor when making fraudulent conveyance.*

In an action under R. S., c. 113, § 51, it is not competent for the defendant to prove a declaration of the alleged debtor made to the defendant at the time of the transfer, but in the absence of the plaintiff, to the effect that he, the debtor, did not owe the plaintiff anything.

ON EXCEPTIONS AND MOTION to set aside the verdict.

An action of the case under R. S., c. 113, § 51, for knowingly aiding and assisting William F. Quinnam in a fraudulent transfer and concealment of his property to secure the same from his creditors, by taking from him a conveyance of certain personal property.    The writ was dated September 3, 1878, *ad damnum* $2000 ; plea, general issue, and verdict $525.

At the trial the conveyance, referred to in the declaration, was called by the defendant a marriage settlement, and she offered to prove, that after the marriage settlement was drawn, and before its execution and delivery, William F. Quinnam stated to Mrs. Quinnam, the defendant, in the presence of Thomas M. Giveen, the attorney who drew it, that nothing was due from him to Susan J. Quinnam [his daughter] for wages or services.    Upon objection by plaintiff's attorney, the presiding judge rejected the testimony offered.    To this ruling the defendant excepted, and also moved to set aside the verdict.

*Ludden & Drew*, for the plaintiff, cited upon the question raised by the exceptions : *Fitch* v. *Chapman*, 10 Conn. 8 ; *Bucknam* v. *Barnum*, 15 Conn. 71 ; *Baker* v. *Briggs*, 8 Pick. 122 ; *Lund* v. *Tyngsborough*, 9 Cush. 36.

*Bion Bradbury*, for the defendant.

The evidence offered was material, as having a tendency to show that there was no fraudulent intent on the part of the defendant in receiving the transfer under the marriage contract.

If in good faith and with the sole purpose of securing a marriage settlement she received the transfer, then there was no fraudulent intent, and no purpose of preventing the attachment of the property or its seizure on execution.

The motive of the defendant, in accepting the transfer, is to be determined by the state of mind produced by such facts as came to her knowledge. Important among these facts, and absolutely conclusive to her, was the statement of Quinnam that he owed his daughter nothing for wages. Counsel, in an able argument, presented the questions of fact arising on his motion to set aside the verdict.

WALTON, J. Two questions are presented for consideration. The first is whether in an action against one for taking from a debtor a fraudulent transfer of property, for the purpose of keeping it away from his creditors, it is competent for the defendant to prove a declaration of the alleged debtor, made to the defendant, at the time of the transfer, but in the absence of the plaintiff, to the effect that he, the debtor, did not owe the plaintiff anything. We fail to discover any ground on which such evidence is admissible, and the learned counsel for the defendant has referred us to no authority for its admission. We think it is not admissible; and that the ruling of the presiding judge, excluding such evidence, was correct. The second question is whether the verdict is so clearly against the weight of evidence as to require the court to set it aside. We think it is not. Consequently the entry must be,

> *Motion and exceptions overruled.*
> *Judgment on the verdict.*

APPLETON, C. J., VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.